UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1852 JVS (JCGx)  Date  October 18, 2018

Title  Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa

Present: The Honorable  James V. Selna

Karla J. Tunis                                    Not Present
Deputy Clerk                                    Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
Not Present                                        Not Present

**Proceedings:**  (IN CHAMBERS)  Order Denying Plaintiff Sober Living Networks's Motion for Partial Summary Judgment

On July 27, 2018, Plaintiff Sober Living Network, Inc. ("SLN") filed a motion for partial summary judgment against Defendant City of Costa Mesa ("the City"). (Mot., Docket No. 232) The City filed an opposition. (Opp'n, Docket No. 241.) Plaintiffs replied. (Reply, Docket No. 249.)

For the following reasons, the Court **denies** SLN's motion for partial summary judgment against the City.

## BACKGROUND

The background and procedural history of this action are familiar to the parties and the Court. The Court recites the background only as necessary for this order.

On October 21, 2014, the City enacted Ordinance No. 14-13 (the "Ordinance"), an amendment to Costa Mesa Municipal Code ("CMMC"), Title 13, which governs planning, zoning, and development in the City. (See SLN's Request for Judicial Notice ("RJN"), Docket No. 234, Ex. 2.)[1] The CMMC establishes geographic districts for land

---

[1] SLN and the City each request that the Court take judicial notice of certain documents. (RJN, Docket No. 234; RJN, Docket No. 246.) Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" if it is "generally known" in the jurisdiction or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of matters of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

use and prescribes permissible land uses within each district. For residences, the CMMC establishes several types of residential districts, including single-family (R-1).

The CMMC prohibits the operation of large boardinghouses in R-1 areas.[2] But the Ordinance also excepts certain housing facilities that might otherwise be banned. It does not subject licensed residential care facilities[3] and single housekeeping units[4] to additional limitations. See CMMC § 13-311(a)(1).

---

public record if the facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b). Additionally, courts "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." Gerristen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); see also Michery v. Ford Motor Co., 650 Fed. App'x 338, 342 n.2 (9th Cir. 2016) (granting a request for judicial notice of the existence of documents available on a government website).

The Court takes judicial notice of SLN's RJN Exhibits 1–15, SLN's supplemental RJN Exhibits 1–3, and the City's RJN Exhibits A–H, M, and N pursuant to Fed. R. Evid. 201. The Court takes judicial notice of the ordinances for the purpose of establishing the facts of what is or was the governing law in Costa Mesa, but not for of the truth of the "facts" contained within them (e.g., the City's findings in support of the Ordinance). The Court declines to take judicial notice of SLN's Exhibits 16–17 and the City's Exhibit I, as the webpages identified do not belong to the City. The Court need not take judicial notice of the City's Exhibits J–L, as they have no bearing on the Court's analysis of the MPSJ.

[2] A "boardinghouse" is defined as "[a] residence or dwelling, other than a hotel, wherein rooms are rented under three or more separate written or oral rental agreements, leases or subleases or combination thereof, whether or not the owner, agent, or rental manager resides within the residence." CMMC § 13-6. A "large" boardinghouse has three or more rooms being rented. Id.

[3] "Residential care facilities" are those facilities "licensed by the state where care, services, or treatment is provided to persons living in a supportive community residential setting." CMMC § 13-6.

[4] A "single housekeeping unit means that the occupants of a dwelling unit have established ties and familiarity with each other, jointly use common areas, interact with each other, share meals, household activities, and expenses and responsibilities; membership in the single housekeeping unit is fairly stable as opposed to transient, members have some control over who becomes a member of the household, and the residential activities of the household are conducted on a nonprofit basis." CMMC § 13-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

Group homes[5] that are not single housekeeping units may operate in R-1 zones if they obtain a special use permit ("SUP"). Id. § 13-311(a)(1)–(9). Group homes must apply for the permit. Id. To receive this permit, the group home must comply with several regulations, most notably that the home must have six or fewer occupants, not including a house manager. Id. If the group home complies with these conditions then the permit must be issued as a "ministerial matter." Id. § 13-311(b).

Sober living homes[6] ("SLHs") are a subset of group homes and must meet additional conditions to obtain a special use permit. Id. §§ 13-6, 13-311(a)(14). Notably, a SLH will not receive a permit if it is within 650 feet of another SLH or a state-licensed substance treatment facility. See id. § 13-311(b)(6). And the SLH must require residents' participation in recovery programs, prohibit the use of alcohol and non-prescription drugs, and exclude any visitors under the influence of alcohol or drugs. Id. § 13-311(a)(14)(ii)–(v).

Plaintiffs brought this action against the City because of an alleged "pattern or practice of discrimination against them on the basis of disability" under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Civil Rights Act of 1871, California's Fair Employment and Housing Act ("FEHA"), and California Government Code §§ 11135 and 65008. (See Fourth Amended Complaint ("FAC"), Docket No. 109.) In 2017, the City adopted Ordinance 17-05, which modified its regulation of group homes and its reasonable accommodation process.

---

[5] A "group home" is defined as "[a] facility that is being used as a supportive living environment for persons who are considered handicapped under state or federal law." CMMC § 13-6. Group homes do not include residential care facilities or homes that operate as a "single housekeeping unit." Id. Any combination of two or more group homes qualifies as a "integral facility." Id. The Ordinance establishes "a rebuttable presumption that integral facilities do not constitute single housekeeping units. Additional indicia that a household is not operating as a single housekeeping unit include but are not limited to: the occupants do not share a lease agreement or ownership of the property; members of the household have separate, private entrances from other members; members of the household have locks on their bedroom doors; members of the household have separate food storage facilities, such as separate refrigerators." Id.

[6] A "sober living home" is a group home for individuals "recovering from a drug and/or alcohol addiction and who are considered handicapped under state or federal law." CMMC § 13-6. Sober living homes do not include residential care facilities or sober living homes operating as a single housekeeping unit. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

(SLN's RJN, Ex. 9.)

SLN is a "nonprofit group dedicated to promoting the availability of affordable sober living homes." Id. ¶ 103. It is a coalition of 11 members that own or operate SLHs in Costa Mesa, including Plaintiffs Yellowstone and California Women's Recovery, Inc. ("Lynn House"). Id. SLN's mission is to "promote the availability of affordable, well-operated and maintained" SLHs. Id. ¶ 104. SLN imposes safety and quality requirements on its members, and provides them with group insurance against losses. Id. SLN's alleged injury in this case stems from the "time, resources, and money" diverted to oppose the Ordinance pre-adoption and help its members comply post-adoption. Id. ¶ 106.

SLN moves for partial summary judgment against the City alleging that there are no genuine disputes of material fact on two issues: (1) The City's reasonable accommodation requirements violate the FHA and FEHA and 2) The City's amended requirements for obtaining a SUP imposed only on group homes for persons with disabilities violate the FHA and FEHA. (Mot., Docket No. 232.) In the alternative, SLN moves for an order specifying the facts from their proposed statement of uncontroverted facts and conclusions of law that appear without substantial controversy in order to narrow the issues for trial. (Id.)

## LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the non-movant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim[.]") (internal quotation marks omitted).

Material facts are those necessary to a claim's proof or defense; they are determined by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
|---|---|---|---|
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[7]

The moving party bears the initial burden to establish the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][8] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the non-movant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

---

[7] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[8] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

## ANALYSIS

### A. SLN Has Standing

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, 528 U.S. at 180–81; see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. "[A]n organization may satisfy the Article III requirement of injury in fact if it can demonstrate: (1) frustration of its organizational mission; and (2) diversion of its resources to combat the particular housing discrimination in question." Smith v. Pac. Properties & Dev. Corp., 358 F.3d 1097, 1105 (9th Cir. 2004).

The City argues that SLN has no standing to bring claims based on the reasonable accommodation requests. (Opp'n, Docket No. 241 at 20.) SLN alleges that it assisted members, including Fellowship House, in their applications for special use permits (SUP). (Reply, Docket No. 249 at 8.) Since the reasonable accommodation request is part of the SUP application, SLN has suffered an injury in fact such that it has standing. (Id.)

### B. SUP Regulations Claims Based on Ordinance 17-05 Are Not Sufficiently Pled in the FAC.

Where "the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008). Some courts have nonetheless held that a plaintiff can remedy a failure to properly plead a legal theory by giving notice to a defendant through discovery. See, e.g., Kaplan v. Seterus, Inc., 2017 WL 3478801 at *12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

The City argues that SLN failed to give it notice of new legal theories both in its complaints and during discovery. Plaintiffs filed their FAC prior to the adoption of Ordinance 17-05 ("17-05") and did not amend it once 17-05 superceded Ordinance 14-13 ("14-13"). (Opp'n, Docket No. 241 at 3.) The City claims that the complaint merely contains boilerplate recitations of the FHA as it relates to reasonable accommodation procedures; thus, it did not have sufficient notice of the procedural claims that are being lodged against it in the MPSJ. **(**Id. at 3–4.) The City also argues that Plaintiffs provided insufficient notice of these claims in the discovery process, as the discovery responses did not indicate that the reasonable accommodation procedures had caused harm, and the motion to compel only related to existing claims in the FAC. (Opp'n, Docket No. 241 at 5–6.)

SLN disputes this lack of notice, pointing to both the legal claims in the FAC and a statement regarding the scope of claims made during a discovery dispute involving the motion to compel documents regarding 17-05. SLN argues that the FAC gives notice of its legal claims through the following allegations:

> Failing to make reasonable accommodations in rules, policies and practices that may be necessary to afford disabled persons, including those for whom plaintiffs provide or seek to provide housing, an equal opportunity to use and enjoy a dwelling.

***

> [U]tilizes criteria or methods of administration . . . that have the purpose or effect of discriminating against disabled persons.

(FAC, Docket No. 109 ¶¶ 125(n), 128.)

The statement that SLN argues gives the City notice is dated April 24, 2018 and says:

> If the City genuinely intends to contest plaintiffs' ability to challenge the City's enactment, implementation or enforcement of Ordinance 17-05 as part of this action, then plaintiffs request that the City state that intention explicitly and, based upon that statement, plaintiffs will evaluate the need to file a supplemental complaint under Fed. R. Civ. P. Rule 15(d).

Case 8:14-cv-01852-JVS-JDE   Document 363   Filed 10/18/18   Page 8 of 11   Page ID #:19364

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
|---|---|---|---|
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

(Reply, Docket No. 251, Ex. 1 at 3.) The City never responded to this statement. (Reply, Docket No. 249 at 20.) SLN claims that the adoption and application of 17-05 are "part of the ongoing course of discriminatory conduct targeting sober living homes" and thus should be considered within the bounds of the suit. (Reply, Docket No. 249 at 5, 20.)

In Coleman v. Quaker Oats, the Ninth Circuit addressed the issue of whether a legal theory absent from a complaint could be used as the basis for a motion for summary judgment in the context of a disparate impact claim under the Age Discrimination in Employment Act ("ADEA"). Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000). The court held that plaintiffs' summary judgment motion failed because their complaint only stated a claim for intentional discrimination, while their MSJ focused on a theory of disparate treatment. The court indicated that notice to defendants was required before a plaintiff could pursue a different theory when moving for summary judgment. Plaintiffs "were required either (1) to plead the additional [. . .] theory in their complaints, or (2) to make known during discovery their intention to pursue recovery on the [ . . .] theory omitted from their complaints. Id. at 1294. Since plaintiffs did neither, their claim failed. Id.

SLN references 17-05 in both claims for partial summary judgment. Plaintiffs' reliance on 17-05 with regard to the first claim regarding the reasonable accommodation procedure as applied to Lynn House and Boston House is permissible despite 17-05 being absent from the FAC. Since the same criteria remains in 17-05 that existed in 14-13, the City would have sufficient notice to defend itself with regard to the reasonable accommodation procedures as applied to the Lynn House and Boston House applications.

But, SLN cannot now bring a facial challenge to the reasonable accommodation procedures of 14-13 or 17-05 because the Court has already held that 14-13 was facially beneficial to persons with disabilities:

> Here, the Ordinance benefits individuals with disabilities by providing them with [] alternative housing opportunities that do not exist to others under the preexisting general ban on large boardinghouses in R-1 zones. Group homes, including SLHs, that may otherwise qualify as large boardinghouses can operate in R-1 zones provided that they obtain a special use permit. The favorable difference is evident on the face of the Ordinance and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

        requires no fact finding.

(Order, Docket No. 60 at 10.) Since the Court has already dismissed with prejudice the facial claim as to 14-13, it will not entertain a facial claim to 17-05 when Plaintiffs are challenging the same criteria as to reasonable accommodations. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). SLN cites the City's denials of applications for reasonable accommodations as evidence of the City's flawed interpretation of the "necessary" standard; thus, SLN alleges that this standard is erroneously applied. (Reply, Docket No. 249 at 4.) But its challenge is still aimed at the findings required by the ordinance—its face; thus, SLN cannot bring a facial claim to the reasonable accommodation procedures. C.f. Gonzales v. Carhart, 550 U.S. 124, 167 (2007) (requiring "discrete and well-defined instances" for an as applied challenge).

        Even if the Court were to consider SLN's claims an "as applied" challenge to the reasonable accommodation procedures, the City would still not have proper notice of those factual allegations because the complaint only includes factual allegations related to the procedures applied to the applications for Lynn House and Boston House.[9] Since each reasonable accommodation must be considered on a case-by-case basis, the Court would have to determine if the procedures were properly applied such that the City complied with its affirmative duty to reasonably accommodate individuals with disabilities with respect to all applications. See 42 U.S.C. § 3604(f)(3)(B). The City has not been given proper notice that other applications would be at issue.[10] Thus, an "as applied" challenge to the reasonable accommodation procedures may only be made to the extent that they relate to the factual allegations regarding Lynn House and Boston House.

        In addition, the City did not have sufficient notice that SLN planned to attack 17-

---

[9] SLN points to other evidence indicating that the City would have notice of the reasonable accommodation claims. See Docket No. 140-3 at 65, 70, 84 of 313 (Yellowstone letter from 2014); Docket No. 140-4 at 12–13, 140–47 (Yellowstone letter from 2014 and SLN representative appearing at a 2014 hearing). But these references either relate to Boston House's application or involve an SLN representative's statements outside of this lawsuit that also relate to its theory that the City's ordinance is unlawful on its face.

[10] The lack of notice on this matter is particularly important for defendants who plan their defense based on the complaint, impacting their ability to engage in discovery related to issues they did not know were part of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

05 for its new amendments with regard to SUP regulations. SLN specifically lays out challenges to the requirements in 17-05 "that were not contained in Ordinance 14-13," including the approval process, corporate and partnership disclosure requirements, and notification of both property owners and residents. (Id. at 19–20.) While plaintiffs provided a statement in discovery indicating their belief that they could challenge the "enactment, implementation or enforcement of Ordinance 17-05," it is not enough to provide notice to defendants of the specific claims they would need to defend. The magistrate judge's order states in granting Plaintiffs' motion to compel documents: "As *the basis of these modifications may support Plaintiffs' claims*, the Court concludes that such documents are relevant and discoverable to the extent the attorney-client privilege is inapplicable." (Order, Docket No. 181 at 6) (emphasis added.) Based on the magistrate's order, the City would only have notice that it would need to consider 17-05 in terms of the basis of modifications it made when amending 14-13. This did not sufficiently put them on notice that Plaintiffs planned to challenge entirely new aspects of the SUP regulations in 17-05 based on new factual claims.[11] The Plaintiffs' statement to the City indicates that they had considered the need to supplement the complaint, but chose not to. (Reply, Docket No. 251, Ex. 1 at 3.) Allowing plaintiffs like SLN to use a statement as a substitute for providing notice by supplementing an outdated complaint would be unduly confusing; a defendant would have to wait until a motion for summary judgment to fully understand what claims it needs to defend against. See Coleman, 232 F.3d 1292 (2000) ("[A]dding a new theory of liability at the summary judgment stage would prejudice the

---

[11] At hearing, SLN argued that the statement regarding scope of claims provided notice of the new 17-05 claims because it supplemented its discovery response pursuant to Fed. R. Civ. Pro. 26(e). Since 17-05 is but one instance of the City's ongoing pattern or practice of discrimination, SLN considers it unnecessary to amend the complaint for each instance of ongoing discriminatory conduct. In addition, SLN pointed to its discovery requests and deposition questions regarding 17-05 as evidence that the City had notice of their claims that 17-05's SUP regulations were discriminatory. (Objs., Docket Nos. 304-4 at 11–12, 304-5 at 14–15.) The City made objections based on proportionality and relevance. (Id.) SLN's argument in its MPSJ involves factual allegations regarding hearing and disclosure processes that are entirely absent from the FAC. (Mot., Docket No. 232 at 20–21.) Discovery requests and overbroad supplemental disclosures are not proper substitutes for an amended complaint. See, e.g., Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 (9th Cir. 2006) ("Providing a list of hypothetical possible barriers is not a substitute for investigating and alleging the grounds for a claim. Thus, the complaint gave the Appellees no notice of the specific factual allegations presented for the first time in Pickern's opposition to summary judgment.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1852 JVS (JCGx) | Date | October 18, 2018 |
| Title | Yellowstone Womens First Step House, Inc., et al. v. City of Costa Mesa | | |

defendant who faces different burdens and defenses under this second theory of liability.") (citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 642 (3d Cir. 1993).

In sum, based on the lack of notice provided, SLN's motion for summary judgment is **denied**.

### CONCLUSION

For the foregoing reasons, the Court **denies** SLN's MPSJ.

The Court directs the parties to confer to create a list of undisputed facts in preparation for trial.

                                                                                                                     0   :

Initials of Preparer          kjt